*Trippe, Judge.
1. In Parks vs. Bailey, 22 Georgia, 116, which is just-such a case as this, except that there the vendor was the purchaser, it was held that such a sale was illegal and void. That was under the Act of 1847, which is identical so far as it applies to this case, as section 3604 of the Code. In that case the Court say: “We are not disposed to weaken by construction'this salutary law. By having the deed to the defendant made and recorded before the levy could be made, thirty days, at least, must elapse before a sale could be effected; and that purchasers would be inspired with confidence to bid for the' property from the publicity given to the fact that the title was in the defendant.”
The same decision was made in Harvill vs. Lowe, 47 Georgia Reports, 214, where the deed was filed a day or two before the sale, under said section of the Code. In those cases, the vendor was the purchaser. Here a third party was the purchaser. But that party is charged to have notice of all the facts alleged in the bill. In the case in 22 Georgia, a portion of the purchase money had been paid. In the other case, none had been paid. In this *294 case there had been part payment. The section of the Code referred to makes no distinction on this account. Its provisions are general, and covers all cases of sales under judgments in favor of vendors for the purchase money. Section 3528 was intended to provide for cases where judgments were in favor of third parties, and where part of the purchase money had been paid. Then a levy could be made under such judgments, a sale had “of the entire interest stipulated in the bond,” and an equitable distribution of the money made. Before this, such creditors were compelled to resort to equity, making both vendor and vendee parties, in order to reach the interest, which was only equitable, of the vendee. The creditor could make no deed, nor compel ■one to be made short of chancery. This section was intended as a remedy for the long and expensive proceedings that would otherwise have been necessary. We consider the *decisions .referred to as settling the question involved in this case.
2. Of course if the purchaser has paid his bid, and it has been appropriated to the payment of the debt due by complainant to his vendor, he is entitled to be reimbursed, and he should' be protected to that extent in any decree that may be rendered.
Judgment reversed.